**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X


| | | |
|---|---|---|
| JENNIFER DEMOYA, | : | 25 Civ.002513 (KRK) |
| Plaintiff, | : | |
| v.          : | | |
| ERIC DEMOYA,  FEDELINA MARTINEZ, | : | **AMENDED** |
| ANDRES FERRER and MASSIEL MEDINA, | | **SHAREHOLDER** |
| | | **DERIVATIVE COMPLAINT** |
| Defendant(s), | : | |
| -and- | | JURY TRIAL DEMANDED |
| KIDZ ROC, INC. | : | |
| Nominal Defendant | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Plaintiff JENNIFER DEMOYA (Shareholder") ("Plaintiff")], by and through her undersigned counsel, submits this Shareholder Derivative Complaint (the "Complaint") derivatively on behalf of nominal defendant KIDS ROC, INC. (the "Company"), against Officer, Director and shareholder ERIC DEMOYA ("Officer Defendant"), FEDELINA MARTINEZ, ANDRES FERRER and MASSIEL MEDINA (collectively, the "Defendants")

. Plaintiff makes the following allegations based upon individual and personal knowledge and, as to all other matters, based upon information and belief. Plaintiffs' information and belief is based on the investigation conducted by Plaintiffs' counsel that included, among other things: (a)documents obtained from the Defendants; the Company and third parties, and information gleaned in interviews with individuals.

## NATURE OF THE ACTION

1.     This is an action for breach of contract, breach of fiduciary duty, oppression, of a minority shareholder, fraudulent conveyance, conversion, waste of corporate assets, negligence regarding corporate opportunities, diversion of corporate opportunities and gross mismanagement.

2.     As a result of Defendants' breach of contract, breaches of fiduciary duties, unjust enrichment, misconduct amounting to corporate waste and fraudulent conveyances Plaintiffs have suffered injury that includes physical assault leading to physical and mental injuries such as torn ligaments, PTSD, depression, sleep deprivation, difficulty in being ambulatory, and monetary damages in an amount not less than 1 million dollars and irreparable harm for which not lawful relief is adequate.

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that there is a federal question. This action is not a collusive action to confer jurisdiction on a court of the United States which it would not otherwise have.

## PERSONAL JURISDICTION

4.     The Court has jurisdiction over the Defendants. Each Defendant is either present in New York for jurisdictional purposes or has sufficient minimum contacts with New York as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice.

5.     The Court has jurisdiction over the Company because the Company was formed in New York and has substantial business operations in New York.

**VENUE**

6.      Venue is proper in this district under 28 U.S.C. § 1401 and 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district and all defendants reside in New York, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, 28 U.S.C. § 1391(b)(3), in that Defendants is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**THE PARTIES**

7.      Plaintiff is a shareholder of the Company. Plaintiff has been a shareholder at all times relevant to the claims asserted herein and continues to own shares in the Company.

8.      Nominal Defendant Kidz Roc, Inc. is a New York corporation with its principal place of business within this district.

9.      Defendant ERIC DEMOYA been an officer, director and shareholder of the Company for all times relevant to this action.

10.      Defendant FEDELINA MARTINEZ acted at the behest of ERIC DEMOYA for all times relevant to this action.

11.      Defendant ANDRES FERRER acted at the behest of ERIC DEMOYA for all times relevant to this action.

12.      Defendant MASSIEL MEDINA acted at the behest of ERIC DEMOYA for all times relevant to this action.

## SUBSTANTIVE ALLEGATIONS

13.     The Defendants, acting in concert, engaged in a scheme to strip the Company of its assets, hide such assets from the Plaintiff and fraudulently convey assets belonging to the Company to their personal ownership. In order to carry out this scheme, the Defendants breached obligation of fiduciary duty, engaged in a scheme to fraudulently convey corporate assets and conceal such conveyances from the Plaintiff. In addition, the Defendants engaged in a pattern of racketeering activity in violation of RICO :

14.     Diverting business funds into fraudulent entities and personal ventures (e.g., Manorville Storage LLC, Ideal Food Basket, and offshore businesses in Colombia and Dominican Republic. With the help of Ramond Vargas and Juan Carlos Arce Jr).

15.     Illegally funneling corporate revenue into trust accounts and third-party accounts to conceal profits with the assistance of Fedelina Martinez

16.     Fabricating fraudulent business expenses (such as unnecessary storage fees) to cover up the misappropriation of funds.

## BOOKS AND RECORDS INSPECTION

17.     Plaintiff demanded to inspect books and records of the Company.

**18.**     Defendant ERIC DEMOYA refused such requests.

## DERIVATIVE ALLEGATIONS

19.     Plaintiff is a shareholder of the Company.  Plaintiff brings this action, in part, derivatively on behalf of and for the benefit of the Company to redress injuries suffered, and to be suffered, by it as a result of the misconduct alleged herein.

20.     Plaintiff has owned shares of the Company at all relevant times.

4

21.     This is not a collusive attempt to confer jurisdiction on this Court that it would not otherwise have.

22.     Plaintiff will fairly and adequately represent the interests of the Company in enforcing and prosecuting its rights and has retained competent counsel experienced in derivative litigation to enforce and prosecute this action.

### ERIC DEMOYA WOULD NOT PROSECUTE THIS ACTION AGAINST HIMSELF THUS DEMAND ON THE BOARD IS EXCUSED AS FUTILE

23.     Plaintiff has not made a demand on the Company's board of directors to assert the claims set forth herein against Defendants. For the reasons detailed above and as further set forth below, such a demand would be futile because a majority of directors who would have considered a demand are interested and/or lack independence. Therefore, there is a reasonable doubt that a majority of the board could have impartially considered whether bringing these claims is in the best interests of the Company and its shareholders.

24.     Defendant ERIC DEMOYA lacks independence to act in the interests of the Company because he is the subject of the lawsuit.

### FACTUAL BACKGROUND

25.     From the period of 2020, Defendant ERIC DEMOYA, in concert with the other Defendants, engaged in a conspiracy to fraudulently convey the assets of the Company to their personal ownership and control. Defendants engaged in a pattern of racketeering activity in violation of RICO. See Exhibit ("Exh.") A and exhibits thereto.

26.     In addition, Defendant ERIC DEMOYA engaged in actions that squandered corporate opportunities and wasted corporate assets.

27.     The schemes and actions were all deliberately concealed from the Plaintiff in order to carry out the fraud, breaches of fiduciary duty and the pattern of racketeering activity.

## A.  DEFENDANT ERIC DEMOYA's BREACH OF CONTRACT

28.     As part of the scheme, Defendant ERIC DEMOYA entered into an agreement with Plaintiff to compensate her in the amount of $5000 a month, pay her rental expense and reimburse her for certain business expenses.

29.      The agreement required Defendant ERIC DEMOYA to pay Plaintiff $150,000 on January 1, 2023, and $5,000 per month thereafter until the company's value was properly evaluated to negotiate buyout terms. At the time of this agreement, Kidz Roc, Inc. was invoicing over $2 million per year, making the financial obligations under this arrangement both reasonable and reflective of the company's substantial revenue

30.     Defendant ERIC DEMOYA had no intention of fulfilling his contractual obligations and in fact has not.

31.     Currently, Defendant ERIC DEMOYA has failed to pay Plaintiff in excess of $210,000 owed to her under the agreement. See Exh. A and exh9bits thereto.

32.     This failure is causing Plaintiff irreparable harm as she is unable to maintain herself in the absence of the payments due to her from Defendant ERIC DEMOYA.

## LEGAL CLAIMS

### COUNT 1– BREACH OF FIDUCIARY DUTY
(Against DEFENDANT ERIC DEMOYA)

6

33.     PLAINTIFF repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34.     Defendant Eric DeMoya engaged in gross mismanagement and deliberate misappropriation of corporate assets, using Kidz Roc, Inc. funds for personal financial gain at the expense of the company and its shareholders. See Exh. A and exhibits thereto which detail and evidence the allegations herein.

35.     Defendant misused corporate funds to purchase parts and equipment for a separate, cash-based truck roadside and repair business, fraudulently claiming these expenses under Kidz Roc, Inc. This deliberate financial deception constitutes a clear abuse of corporate assets for personal enrichment.

36.     Multiple current and former employees, including Henry Hansov, Willson Mendoza, and Yeffey, have witnessed and can attest to Defendant's misappropriation of company funds and misuse of corporate resources for an undisclosed, off-the-books business venture.

37.     The wasteful transactions and fraudulent expense claims approved by Defendant were so egregiously improper and self-serving that no rational fiduciary acting in good faith could have justified them.

38.     As a direct and proximate result of Defendant's reckless financial misconduct, Kidz Roc, Inc. has suffered substantial financial losses, including unauthorized asset depletion, fraudulent business expenses, and lost financial opportunities.

39.     Defendant's ongoing misuse of company funds and failure to uphold fiduciary responsibilities continue to endanger the financial stability of Kidz Roc, Inc. and its shareholders.

40.    Plaintiff, acting on behalf of Kidz Roc, Inc., has no adequate remedy at law and seeks full restitution of misappropriated corporate funds, forensic financial examination of all company expenses, injunctive relief to prevent further financial abuse, and all other relief deemed just and proper.

41.    Defendant ERIC DEMOYA, owed the COMPANY and its shareholders a fiduciary duty of due care, loyalty, and good faith.

42.    Defendant ERIC DEMOYA breached his fiduciary duties by the actions and/or inactions alleged herein.

43.    Defendant ERIC DEMOYA breached his fiduciary duties of care and loyalty, and acted in bad faith.

44.    As a result of Defendants' breach of their duties, the COMPANY has suffered and will suffer significant damages in an amount to be determined at trial, plus interest/attorneys' fees and costs.

COUNT 2 – WASTE

(Against DEFENDANT ERIC DEMOYA)

45.    PLAINTIFF repeats and realleges paragraphs 1 through 44, as if fully set forth herein.

46.    Defendant ERIC DEMOYA is liable to the COMPANY for waste as described in Exh. A and exhibits thereto.

47.    The actions approved by Defendant ERIC DEMOYA were so one-sided that no person acting in a good faith pursuit of the Company's interests could have approved the actions.

8

48.     The Company and its shareholders suffered and continue to suffer injury due to the wasteful transactions engaged in by the Defendant ERIC DEMOYA.

49.     Plaintiff, on behalf of the COMPANY, has no adequate remedy at law.

## COUNT 3 - UNJUST ENRICHMENT
### (Against ALL DEFENDANTS)

50.     PLAINTIFF repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

51.     By their wrongful acts, omissions, and wrongdoing, DEFENDANTS were enriched at the expense of, and to the detriment of the Company.

52.     DEFENDANTS derived profits, benefits, and other compensation from the Company and were otherwise unjustly enriched during the time in which the wrongful practices occurred.

53.     It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for DEFENDANTS to retain the profits, benefits, and other compensation gained from their wrongful conduct.

54.     Plaintiff, on behalf of the Company, seeks restitution from DEFENDANTS and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by DEFENDANTS, as a result of their wrongful conduct.

55.     Plaintiff, on behalf of the Company has no adequate remedy at law.

## COUNT 4 – BREACH OF CONTRACT
### (Against DEFENDANT ERIC DEMOYA)

56.     PLAINTIFF repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.     DEFENDANT ERIC DEMOYA entered into a written agreement with PLAINTIFF which provided, in pertinent part, that DEFENDANT ERIC DEMOYA would provide PLAINTIFF $5000 a month until such time as the PLAINTIFF and DEFENDANT ERIC DEMOYA reached agreement on division of assets, See Exh. A and exhibits thereto.

58.     DEFENDANT DEMOYA entered into a verbal agreement with PLAINTIFF to pay $150,000.00.

59.     DEFENDANT DEMOYA breached his obligation to pay PLAINTIFF $150,000.

60.     DEFENDANT ERIC DEMOYA has breached his contractual obligations by failing to make the required monthly payments of $5000 a month to PLAINTIFF.

61.     DEFENDANT ERIC DEMOYA's breach of his contractual has not only caused PLAINTIFF monetary damages it is causing her irreparable harm as it is depriving her of the ability to maintain her residence and pay her living expenses.

## COUNT 5 – FRAUDULENT CONVEYANCE
### (Against ALL DEFENDANTS)

62.     PLAINTIFF repeats and realleges paragraphs 1 through 61 hereof, as if fully set forth herein.

63.     Defendants, acting in concert, engaged in a deliberate scheme to fraudulently transfer and conceal corporate assets and funds for personal gain, depriving Kidz Roc, Inc. and Plaintiff of rightful financial resources. See Exh. A and exhibits thereto.

64.     Defendant Eric DeMoya unlawfully used company funds to purchase cars, trucks, and trailers, many of which were either never registered or fraudulently registered in multiple states, including Maine, Delaware, Tennessee, Pennsylvania, and Virginia.

Defendant has been operating these vehicles with dealer plates to avoid detection and proper registration.

65.     Defendant further concealed corporate funds by funneling money into a trust account at Chase Manhattan Bank, making recovery of these assets more difficult and shielding them from Plaintiff's rightful claims.

66.     Defendant also diverted company resources into private business ventures, including the procurement and investment into Ideal Food Basket, also known under multiple aliases, including American Food Basket and Gains Meat Corp., for personal enrichment.

67.     In addition to business-related fraud, Defendant used corporate funds to purchase a boat in partnership with Juan Carlos Arc Jr., which is currently docked at the Citi Field Marina in Queens, New York.

68.     These fraudulent transfers were made without fair consideration, with the intent to hinder, delay, or defraud Plaintiff's ability to recover assets as a shareholder and rightful creditor of Kidz Roc, Inc.

69.     It would be unconscionable and against fundamental principles of justice for Defendants to retain any profits, benefits, or compensation obtained through these fraudulent conveyances.

70.     Plaintiff, on behalf of Kidz Roc, Inc. and herself, demands full restitution and a court order disgorging all fraudulently transferred assets and profits obtained by Defendants.

71.     Plaintiff, on behalf of the Company and herself, has no adequate remedy at law and seeks full forensic financial accounting of all improperly transferred assets and investments.

COUNT 6 -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

72.     PLAINTIFF repeats and realleges paragraphs 1 through 71 hereof, as if fully set forth herein.

73.     The Defendants actions were intended to cause Plaintiff extreme emotional distress.

74.     The Defendants' conduct  was so outrageous in character and extreme in degree as to surpass the limits of decency so as to be regarded as atrocious and intolerable in a civilized society.

75.     The Plaintiff was damaged in an amount not less than $5,000,000.00.

FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS

76.     Defendants are culpable persons who (b) conduct  an "enterprise" (c) affecting interstate commerce (c) through a pattern of racketeering activity." Plaintiff and the Company have been injured  by reason of" the RICO violations described herein. See Exh. A and the exhibits thereto which detail the evidence for the allegations set forth herein.

77.     The Defendants' enterprise conduct and the predicate acts of racketeering affect interstate commerce.

78.    Defendants have engaged in pattern of racketeering that continues in the present.

79.    The acts have been related and continuous and will continue.

80.    Plaintiff meets RICO's standing requirements because Plaintiff is (1) a "person" (2) who sustained injury (3) to her "business or property" (4) "by reason of" defendants' violation of § 1962.

The RICO Scheme

Retention of Company Assets by Excluding Plaintiff:

60.    Defendant ERIC DEMOYA has locked Plaintiff out of the company, cutting her off from decision-making power, access to financial records, and her rightful share of profits.

61.    The enterprise has brazenly claimed to be financially insolvent while continuing to profit from unregistered trucks, equipment, and ongoing operations.

62.    By denying Mrs. DeMoya access, Eric and his network have unlawfully retained full control over the company's assets, depriving her of her legal ownership stake.

63.    Defendants executed this scheme by engaging in a pattern of racketeering activity. Specifically, between 2020 and 2025, the Defendants through the use of the mails and wires, engaged in unauthorized and unlawful transfer of corporate assets to themselves and other third parties. These acts of racketeering occurred persistently through the period and are detailed and evidenced in Exh. A hereto.

64.    The Defendants, acting in concert, engaged in an ongoing fraudulent scheme designed to financially manipulate , money laundering (18 USC, defraud and economically abuse the Plaintiff resulting in substantial financial, physical and emotional damages. Their pattern of racketeering activity includes, but is not limited to, bribery (18 USC 201), wire fraud (18 USC 1343), mail fraud (18 USC 1341), money laundering (18 USC 1956), and extortion (18 USC 1951.)

65.    Defendant Eric DeMoya exploited Kidz Roc Inc. to commit financial fraud, misappropriating approximately $15,000 USD in corporate funds to pay his personal legal fees in Nassau County, New York, and $20,000 Pesos Tulum, Quintana Roo, Mexico, without authorization. By diverting corporate assets for personal benefit, the Defendant knowingly misused company funds while blocking the Plaintiff, a rightful shareholder, from accessing corporate financial records and assets.

66.    In a further act of criminal misconduct, Defendant used corporate funds to bribe fiscal employees in Tulum, Quintana Roo, Mexico, offering them $10,000 USD to pressure Plaintiff into withdrawing criminal charges related to his violent act of dragging her body with a car for one-quarter mile. This corrupt interference with legal proceedings constitutes bribery (18 U.S.C. § 201), wire fraud (18 U.S.C. § 1343), and obstruction of justice (18 U.S.C. § 1503, 1512).

67.    The defendant's actions reflect a pattern of racketeering activity under the RICO statute (18 U.S.C. § 1961 et seq.), combining corporate fraud, financial misappropriation, and criminal coercion. Plaintiff seeks full forensic financial disclosure, restitution for all misappropriated corporate funds used for personal legal expenses and bribery, and legal penalties to hold Defendant fully accountable for his unlawful conduct.

68.     Defendants engaged in financial extortion by controlling and restricting Plaintiff's access to shared financial resources, forcing dependency, and leveraging financial distress to exert control. See Exh. C.

69.     Defendant Eric DeMoya engaged in coercive tactics by unlawfully restricting Plaintiff's access to the financial resources and operational control of Kidz Roc Inc., a company in which Plaintiff is a shareholder. By doing so, Defendant deprived Plaintiff of her rightful financial and managerial interests, effectively locking her out of the business to exert control and eliminate her influence.

70.     Plaintiff was left without access to company assets and revenue streams due to Defendants' deliberate exclusion, while they continued to profit from Kidz Roc Inc.'s concealed business operations and financial transactions. The Defendants' actions caused significant financial distress and directly undermined Plaintiff's shareholder rights.

71.     In a further effort to obstruct justice and avoid legal consequences, Defendant Eric DeMoya and his attorney attempted to bribe Plaintiff with money in exchange for dropping criminal charges filed against him in Mexico.

72.     This act constitutes bribery under 18 U.S.C. § 201, which prohibits the corrupt offering of anything of value with the intent to influence legal proceedings or obstruct justice.

73.     The attempted bribe further demonstrates Defendants' pattern of illegal conduct, their intent to manipulate the legal system to evade accountability, and their continued efforts to deprive Plaintiff of her lawful rights as a shareholder in Kidz Roc Inc.

74.     This pattern of racketeering activity constitutes a violation of RICO.

Concealment of Assets through Non-Registration and Third-Party Ownership:

15

72.    The enterprise has strategically avoided registering assets under the company's name, instead placing them under the names of third parties like Fedelina Martinez or dummy corporations such as Manorville Storage LLC and Ideal Food Basket. See Exhibit D which details and evidences these racketeering activities.

75.    These efforts are deliberate attempts to obscure asset ownership, allowing the enterprise to benefit from these resources while shielding them from scrutiny and accountability.

Financial Enrichment through Siphoning of Funds

76.    The enterprise has diverted company funds into trust accounts, fraudulent entities, and personal expenses, systematically depleting company resources. See Exh. B which details and evidences this scheme.

77.    Defendants has used these corporate funds and assets to commit financial misconduct through a pattern of racketeering activity  to pay for bribes in Mexico,  personal legal fees in both New York and Mexico, and personal ventures such as supermarkets and a boat charter business in Colombia. See Exh. E which details and evidences these acts.

78.    Defendant Eric DeMoya exploited Kidz Roc Inc. to commit financial fraud, misappropriating approximately $15,000 USD in corporate funds to pay his personal legal fees in Nassau County, New York, and $20,000 Pesos Tulum, Quintana Roo, Mexico, without authorization. By diverting corporate assets for personal benefit, the Defendant knowingly misused company funds while blocking the Plaintiff, a rightful shareholder, from accessing corporate financial records and assets.

79.    In a further act of criminal misconduct, Defendant used corporate funds to bribe fiscal employees in Tulum, Quintana Roo, Mexico, offering them $10,000 USD to

pressure Plaintiff into withdrawing criminal charges related to his violent act of dragging her body with a car for one-quarter mile. This corrupt interference with legal proceedings constitutes bribery (18 U.S.C. § 201), wire fraud (18 U.S.C. § 1343), and obstruction of justice (18 U.S.C. § 1503, 1512).See Exh. F which details and evidences these acts pof racketeering activity.

80.    The defendant's actions reflect a pattern of racketeering activity under the RICO statute (18 U.S.C. § 1961 et seq.), combining corporate fraud, financial misappropriation, and criminal coercion. Plaintiff seeks full forensic financial disclosure, restitution for all misappropriated corporate funds used for personal legal expenses and bribery, and legal penalties to hold Defendant fully accountable for his unlawful conduct.

81.    These acts of racketeering activity have drained company finances, denying Plaintiff her share of profits while enriching Defendants.

Creation of Fraudulent Expenses to Conceal Misconduct

82.    Eric has incurred unnecessary costs, such as paying for additional parking and storage facilities, solely to hide company assets. See Exh. F which evidence and details these acts.

83.    Defendant Eric DeMoya's fraudulent actions have directly harmed Kidz Roc, Inc. by misappropriating company funds, diverting assets for personal legal fees, and engaging in financial misconduct that drained corporate finances. He unlawfully used company funds to pay bribes, concealed revenue through fraudulent entities, and incurred unnecessary expenses to hide assets. Additionally, Defendant used corporate funds to engage in illegal activities, including prostitution, which is a criminal offense, with video evidence supporting this claim. As a result, Kidz Roc, Inc. suffered significant financial losses,

including stolen corporate assets, fraudulent expenditures, and lost business opportunities due to mismanagement and financial deception. To assess the full extent of these damages and protect shareholder interests, Plaintiff demands full access to the company's books and records to uncover concealed transactions, unauthorized disbursements, and financial irregularities.

84.     The agreement required Eric DeMoya to pay Plaintiff $150,000 on January 1, 2023, and $5,000 per month thereafter until the company's value was properly evaluated to negotiate buyout terms. At the time of this agreement, Kidz Roc, Inc. was invoicing over $2 million per year, making the financial obligations under this arrangement both reasonable and reflective of the company's substantial revenue.

85.     These fraudulent expenses not only waste company resources but also further prevent Defendant DeMoya from accessing or claiming her rightful ownership of these assets.

86.     By deliberately excluding Plaintiff, Defendants have ensured that all company profits are retained solely for their benefit, eliminating oversight, accountability, and lawful distribution of earnings.

87.     While falsely claiming financial hardship, Defendants have continued unauthorized operations, misappropriating over $200,000 in company funds for expenses disguised as Kidz Roc, Inc. expenditures. Simultaneously, Defendants have been selling company assets without Plaintiff's consent or direct knowledge.

88.     Plaintiff only became aware of these fraudulent transactions through the work of a private investigator, confirming that Defendants have deliberately concealed financial dealings and asset transfers to obstruct Plaintiff's rightful claims.

Deliberate Evasion of Regulatory Oversight

89.      Defendants have systematically misregistered and concealed company assets, including trucks, equipment, and financial accounts, to evade legal and tax obligations. This has allowed them to operate in secrecy, shielding illegal activities from detection.

90.      This fraudulent scheme has created an unfair competitive advantage, allowing Defendants to reap profits while circumventing financial reporting laws, tax liabilities, and corporate governance requirements.

Unrestricted Control to Facilitate Ongoing Fraud

91.      By unlawfully locking Plaintiff out of the company, Defendants have centralized absolute control over all business decisions, ensuring no internal checks against financial misconduct.

92.      This unchecked power has enabled Defendants to misappropriate company funds, manipulate records, and conceal income through fraudulent transactions, all while depriving Plaintiff of her rightful shareholder interests.

93.      Defendants have not only funneled over $200,000 into unauthorized expenses but have also secretly sold company assets for personal gain, further depleting company resources without Plaintiff's knowledge or consent.

94.      Defendants' continued control over the enterprise ensures the perpetuation of their illegal activities, solidifying their ability to evade accountability while destabilizing

the company's long-term financial viability. See Exh. G, which details and evidences this ongoing racketeering activity.

Malfeasance and oidance of Profit-Sharing with Plaintiff

95.    By excluding Plaintiff, the enterprise has ensured that all company profits are retained by the Defendants, with no oversight or accountability.

96.    Claiming to be "broke" while continuing unregistered operations has allowed the enterprise to manipulate financial records and hoard profits for personal gain.

97.    Defendant Eric DeMoya engaged in coercive tactics by unlawfully restricting Plaintiff's access to the financial resources and operational control of Kidz Roc Inc., a company in which Plaintiff is a shareholder. By doing so, Defendant deprived Plaintiff of her rightful financial and managerial interests, effectively locking her out of the business to exert control and eliminate her influence.

98.    Plaintiff was left without access to company assets and revenue streams due to Defendants' deliberate exclusion, while they continued to profit from Kidz Roc Inc.'s concealed business operations and financial transactions. The Defendants' actions caused significant financial distress and directly undermined Plaintiff's shareholder rights.

99.    In a further effort to obstruct justice and avoid legal consequences, Defendant Eric DeMoya and his attorney attempted to bribe Plaintiff with money in exchange for dropping criminal charges filed against him in Mexico.

100.    This act constitutes bribery under 18 U.S.C. § 201, which prohibits the corrupt offering of anything of value with the intent to influence legal proceedings or obstruct justice.

101.    The attempted bribe further demonstrates Defendants' pattern of illegal conduct, their intent to manipulate the legal system to evade accountability, and their continued efforts to deprive Plaintiff of her lawful rights as a shareholder in Kidz Roc Inc.

Operational Freedom from Transparency and Oversight:

102.    The deliberate misregistration and concealment of assets have allowed the enterprise to operate trucks, equipment, and other resources outside regulatory oversight.

103.    This has created an unfair competitive advantage, enabling the enterprise to profit while evading accountability for its actions.

Centralized Control to Facilitate Fraudulent Activities:

104.    By locking Plaintiff out of the company, Defendants has gained complete control over all business decisions. This unchecked power has enabled him to misappropriate funds, conceal income, and conduct fraudulent activities without opposition or oversight.

105.    This control has ensured the enterprise's ability to continue its illegal operations while undermining the company's long-term stability.

COUNT 6
(RICO § 1962(c))

106.    The allegations of paragraphs 1 through 105 are incorporated herein by reference.

107.    This Count is asserted against all Defendants for their direct participation in a criminal enterprise engaged in a pattern of racketeering activity that has caused substantial harm to Plaintiff and Kidz Roc, Inc.

108.    The conspiracy, as well as Kidz Roc, Inc., constitutes an enterprise engaged in, and whose activities affect, interstate and international commerce. Defendants are employed by, associated with, and actively operate within the enterprise, using it as a vehicle for their fraudulent and unlawful activities.

109.    Defendants knowingly agreed to, and did, conduct and participate in the affairs of the enterprise through a pattern of racketeering activity, specifically engaging in financial fraud, wire fraud, money laundering, bribery, obstruction of justice, and fraudulent conveyance, all with the intent of defrauding Plaintiff and Kidz Roc, Inc.

110.    Defendants executed and perpetuated this fraudulent scheme by systematically misappropriating corporate funds, concealing financial transactions, laundering money through third-party accounts, falsifying corporate records, bribing officials, and engaging in financial coercion, all to deprive Plaintiff of rightful financial and ownership interests.

111.    Pursuant to and in furtherance of this fraudulent scheme, Defendants committed multiple, continuous, and interrelated acts of racketeering activity, constituting an ongoing criminal enterprise. These acts include but are not limited to:

112.    Wire Fraud (18 U.S.C. § 1343) – Using electronic communications to facilitate fraudulent financial transfers and conceal income.

113.    Mail Fraud (18 U.S.C. § 1341) – Engaging in fraudulent correspondence to misrepresent financial status and transactions.

114.    Bribery (18 U.S.C. § 201) – Offering $10,000 in illegal payments to Mexican officials to obstruct legal proceedings.

115.    Money Laundering (18 U.S.C. § 1956) – Moving corporate funds through shell accounts and unauthorized business entities.

116.    Obstruction of Justice (18 U.S.C. § 1503, 1512) – Attempting to intimidate Plaintiff into dropping legal claims via coercion, including direct threats from Defendants' attorney.

117.    Fraudulent Conveyance (New York Debtor & Creditor Law §§ 270-281) – Illegally transferring corporate assets, including vehicles, funds, and business properties, without shareholder approval.

118.    The acts described herein establish a continuous pattern of racketeering activity as defined under 18 U.S.C. § 1961(5), which has been ongoing and will continue unless judicial intervention halts the Defendants' criminal enterprise.

119.    Defendants have directly and indirectly conducted and participated in the operation of the enterprise through this pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

120.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has suffered significant injury to her business and property, including financial losses, deprivation of corporate rights, and the concealment of rightful corporate assets.

121.    The conspiracy, as well as the Company, is an enterprise engaged in and whose activities affect interstate commerce. The Defendants are employed by or associated with the enterprise.

122.    The Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose/ of intentionally defrauding Plaintiff and the Company.

123.    The Defendant conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

124.    Pursuant to and in furtherance of their fraudulent scheme, Defendant(s) committed multiple related acts of racketeering activity that forms the basis of the RICO.

125.    The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

126.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above and in the accompanying RICO Statement, in violation of 18 U.S.C. § 1962(c).

127.    As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

128.    PLAINTIFF DEMANDS TRIAL BY JURY.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests judgment as follows:

A.  Finding this action to be a proper derivative action and Plaintiff to be a proper and adequate representative of the Company;

B.  Finding that the Defendant ERIC DEMOYA breached his fiduciary duties to the Company and committed waste, diversion of assets and diversion of corporate opportunities;

C.  Finding that the Defendant ERIC DEMOYA breached his contractual obligations to PLAINTIFF by failing to pay the $5000 a month to PLAINTIFF;

D.  Finding that the DEFENDANTS have been unjustly enriched by their wrongdoing;

E.  Finding that the Defendants have engaged in a scheme to fraudulent convey assets and property belonging both to the Company and the PLAINTIFF.

F.  Declaring the DEFENDANT ERIC DEMOYA be removed from any position of authority and to prohibit any acts on behalf of the Company by DEFENDANT ERIC DEMOYA;

G.  Awarding damages against the DEFENDANTS sustained by the Company, in an amount to be determined at trial, but in an amount not less than $1,000,000.00;

H.  Awarding damages sustained by the Plaintiff against DEFENDANT ERIC DEMOYA for his breach of contract, in an amount to be determined at trial, but in an amount not less than $200,000.00;

I.  Awarding damages against the DEFENDANTS sustained by the PLAINTIFF, in an amount to be determined at trial, but in an amount not less than $1,000,000.00;

J.  Disgorging the profits obtained as a result of the Defendants' wrongful conduct;

K.  On the RICO  Actual damages in an amount not less than $1,000,000.00
L.  Treble damages in an amount not less than $3,000,000.00;
M.  Ordering DEFENDANT ERIC DEMOYA to immediately make the contractual payments owed to PLAINTIFF;

N.  Awarding Plaintiff's attorney's fees incurred in this action;

O.  Awarding pre- and post- judgment interest; and

P.  Granting such other and further relief as the Court deems just and proper.

September 9, 2025

Suffern, NY

Respectfully submitted,

By: _____

*Armando Llorens*

**ADWAR IVKO LLC**

*Attorneys for Plaintiff*

2 Executive Blvd, Suite 410

Suffern, NY 10901

Ph. 845-353-1818

armando@adwarivko.com